Mr. Justice Wylie
delivered the opinion of the court:
The defendant was a married woman, and the present action was brought to recover $211.55 for work and labor and materials furnished in making improvements upon a piece of real estate in this District owned by her in her separate right; By agreement of parties, the cause was referred, under rule of court, to James G-. Payne, esq., “for his arbitration and. decision on such evidence as may be adduced before him bjr either party.”
It was proved before the referee that the work was done and materials furnished under an agreement between the-plaintiff on the one part, and the defendant’s husband on the other, and that the husband acted as the agent of his wife,, and under her authority, and for her advantage, in the matter. The referee corrected some errors and made certain allowances by way of set-off in favor of the defendant, in consequence whereof plaintiff’s bill was reduced to $59.05, with interest. Among these credits was a set-off of $87.25, on account of a claim set up for a debt due from the plaintiff to *307 the defendant’s husband. To say the least of it, this was liberal toward the defendant. On the trial before the referee the defendant, in order to prove that the work done upon her house by the plaintiff was of inferior character, offered to show by evidence that several months after the work on her house was finished, the plaintiff had done work of a similar kind on the house of one Mrs. Easby, which was so defective in quality that Mrs. Easby was obliged to have it done over again by another person. The offer of this evidence was rejected by the referee, and properly so, in our opinion, for reasons too obvious to require mention here.
The award was filed on the 11th May, 1875, and contains, on its face, a statement of the facts substantially as now related. No exceptions to the award were ever filed by the defendant, and on the 8th of June, 1875, plaintiff moved the court for judgment. This motion was resisted by defendant’s counsel, and was overruled by the court, and from that decision plaintiff has appealed. We are of opinion that judgment ought to have been entered upon the award. We think the defendant was bound by the contract which the husband has entered into on her behalf, with her knowledge and consent, and of which she has accepted the benefits, and that all of the other rulings made by the referee were correct; at least such as afford no ground for exception on the part of the defendant.
Independently, however, of the unobjectionable character of the award itself, the motion for judgment ought to have been sustained, for the reason that the award had been filed in the cause more than seven days before the motion was made for judgment, and no exceptions had been filed, or were taken at the argument, of the character prescribed by the act of assembly of 1778, ch. 21. That act prescribes the causes for which an award of the kind made in the present case may be set aside by the court; and these are, “ that the same was obtained by fraud or malpractice in, or by surprise, imposition, or deception of, the arbitrators, or without due notice to the parties, or their attorney or attorneys.” The award in this case being unobjectionable for either of these causes, it was error to refuse the judgment; and it is ordered that the same be now entered for $59.05, with interest from January, 1874, and costs.